IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| WANDA SUE MOON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:22-CV-05044-DGK-SSA |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) ) |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

This action seeks judicial review of the Acting Commissioner of Social Security's ("the Commissioner") decision denying Plaintiff Wanda Sue Moon's applications for Social Security disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401–434, and Supplemental Security Income ("SSI") under Title XVI of the Act, 42 U.S.C. §§ 1381–1383f. The Administrative Law Judge ("ALJ") found Plaintiff had many severe impairments, including degenerative disk disease and degenerative joint disease in her cervical spine, degenerative disk disease in her lumbar spine, obstructive sleep apnea, and obesity, but she retained the residual functional capacity ("RFC") to perform past relevant work as a gambling cashier as generally performed in the national economy.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record. The Commissioner's decision is AFFIRMED.

### Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff filed an application for disability insurance benefits on May 7, 2020, and an application for SSI on March 30, 2020, with both applications alleging a disability onset date of August 1, 2019. The Commissioner denied the applications at the initial claim level, and Plaintiff appealed the denial to an ALJ. The ALJ held a hearing and, on May 27, 2021, issued a decision finding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on April 14, 2022, leaving the ALJ's decision as the Commissioner's final decision. Plaintiff has exhausted all administrative remedies and judicial review is now appropriate. *See* 42 U.S.C. §§ 405(g), 1383(c)(3).

**Standard of Review**

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole and whether the ALJ committed any legal errors. *Igo v. Colvin,* 839 F.3d 724, 728 (8th Cir. 2016). Substantial evidence is less than a preponderance, but is enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015); *see Biestek v. Berryhill*, 139 S.Ct. 1148, 1157 (2019) (noting the substantial evidence standard of review "defers to the presiding ALJ, who has seen the hearing up close"). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue,* 646 F.3d 549, 556 (8th Cir. 2011).

**Discussion**

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A). Plaintiff argues the ALJ erred at Step Four by finding she could perform prior sedentary work as a "cashier, gambling" as that work is generally performed in the national economy. Relying on testimony from a retained vocational expert ("VE"), Plaintiff contends her past relevant work is a composite job of two positions, cardroom attendant and coin counter, which the Dictionary of Occupational Titles ("DOT") classifies as light and medium work, respectively. Given her age, lack of transferable skills, and inability to perform her relevant past work, the Medical-Vocational Guidelines direct a finding that she is disabled.

This argument is unavailing. The regulations governing the disability determination process explain that to be found disabled "[y]our impairment must prevent you from doing past relevant work." SSR 00-4p, 2000 WL 1989704, at *2–3 (Dec. 4, 2020). In making this determination, an ALJ is directed to "review [the] residual functional capacity and the physical and mental demands of the work [the individual] ha[s] done in the past." *Id*. Where an ALJ

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g), 416.920(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

appropriately determines that a disability claimant can perform their past relevant work, the ALJ must find the claimant "not disabled." *Id*.

There are two alternate tests applicable here to determine whether an individual can perform their past relevant work. The first considers whether the individual can return to their past relevant work "as he or she actually performed it." SSR 82-61, 1982 WL 31387, at *1 (Jan. 1, 1982). The second considers whether the individual could perform the functional demands and duties of their past relevant job "as it is *usually* performed in the national economy." *Id*. at *2 (emphasis in original). If the claimant has the RFC "to do either the specific work previously done or the same type of work as it is generally performed in the national economy," the claimant is not disabled. *Lowe v. Apfel*, 226 F.3d 969, 973 (8th Cir. 2000). In this case, the ALJ concluded Plaintiff was "not disabled" after finding she could perform her past casino job as it was "generally performed in the national economy." R. at 20–22.

Plaintiff argues the ALJ erred by classifying her past relevant work as "cashier, gambling," when he should have classified it as a composite position of cardroom attendant and coin counter. Plaintiff contends the ALJ committed the classification error because he failed to resolve inconsistencies between the vocational evidence in the record, namely, the two conflicting opinions from the two vocational experts regarding how to classify Moon's past casino work.

There is no dispute that the record includes two differing opinions from qualified vocational experts. The question is whether the ALJ erred by relying on the expert testimony provided at the hearing by Ms. Terri Crawford, the VE who was present and testified at the hearing, instead of Ms. Denise Waddell, the VE retained by Plaintiff who supplied testimony via questionnaire responses.

The Court holds the ALJ did not err in crediting Ms. Crawford's testimony over Ms. Waddell's and categorizing her previous employment as "cashier, gambling" rather than as a

composite position.  The ALJ spent a lengthy portion of his decision discussing this finding and laying out his reasoning.  R. at 20–22.  The ALJ noted he relied upon Ms. Crawford's expert testimony, described her relevant experience (e.g., having placed numerous individuals into cashier positions, observed performance of the "cashier, gambling" job itself, and studied the DOT with respect to that specific position), detailed how Ms. Crawford's testimony acknowledged the conflict between her testimony and the DOT, and explained how she resolved these conflicts in an acceptable manner.  R. at 21.  The ALJ also noted that Plaintiff's counsel "aptly questioned" Ms. Crawford as to how the DOT's classification of the position as sedentary compared to Plaintiff's testimony concerning the job as she actually performed it (Plaintiff described it as relatively higher-exertion work), making it very clear that he found Plaintiff capable of doing the job described by the DOT, not as it was previously performed for her specific employer.  R. at 21.  The ALJ also provided three specific, cogent reasons why he found Ms. Waddell's opinion was not more persuasive than Ms. Crawford's.  R. at 21–22.  Hence, there is no error here of any sort, much less one that requires remand.

## Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:  August 29, 2023                     /s/ Greg Kays
                                           GREG KAYS, JUDGE
                                           UNITED STATES DISTRICT COURT